IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-01986-SKC

RICHARD MEDYKOWSKI,

      Petitioner,

v.

JUAN BALTAZAR, *et al.*,

      Respondents.

---

## ORDER

---

Petitioner Richard Medykowski, whose citizenship has not been established or is perhaps nonexistent, is currently being detained at the Denver immigration detention facility. Dkt. 1, ¶4. He arrived in the United States as an infant in 1957 and was given lawful permanent resident status. Dkt. 12-1, ¶5. On December 12, 1990, Petitioner was convicted of burglary and aggravated indifference to life. *Id.* ¶6. Petitioner applied for naturalization in 2004, but his application was denied, and in 2011, an immigration judge found Petitioner removable from the United States. *Id.* ¶¶7-8. He was ordered removed to Germany in 2017. *Id.* ¶10.

In July 2019, ICE detained Petitioner for removal and sent travel document requests to Germany, the Czech Republic, and Poland. *Id.* ¶¶11-12. When ICE was

unable to remove Petitioner, however, he was released on an Order of Supervision (OSUP). Dkt. 1, ¶3. According to Petitioner, he complied with all requirements of his supervised release but was nevertheless detained at the Colorado Springs airport on April 15, 2026, as he was collecting his boarding pass for a personal trip. *Id.* He remains in custody to this date.

Petitioner filed this action on May 7, 2026, and asserts a variety of claims challenging the legality of his detention and the revocation of his OSUP. Dkt. 1. Respondents filed their Response on May 18, 2026 (Dkt. 12), and Plaintiff filed a Reply on May 26, 2026 (Dkt. 13).

The Court has jurisdiction over this matter under Section 2241 of Title 28, which authorizes it to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id.* Noncitizens may properly challenge the lawfulness of their detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

The Court has considered the Petition, the Response, the Reply, the various attachments, and the governing law. Because Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons shared below, the Court GRANTS the Petition.

2

## ANALYSIS

While Petitioner offers a litany of reasons for his immediate release, the Court addresses only one: in revoking his OSUP, ICE violated its binding regulations. Dkt. 1, ¶49. The regulations governing the release and revocation of release of noncitizens who are subject to a final order of removal are 8 C.F.R. § 241.4 and § 241.13. These regulations "were intended to 'provide due process protections to [noncitizens] following the removal period as they are considered for continued detention, release, and then possible revocation of release.'" *Virachak v. Baltazar*, No. 26-cv-00391-STV, 2026 WL 746285, at *2 (D. Colo. Mar. 17, 2026) (quoting *Santamaria Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2444087, at *6 (D. Md. Aug. 25, 2025)). Although it is not clear from the Petition under which regulation Petitioner's release was revoked, Respondents' materials clarify that he was originally released under 8 C.F.R. § 241.4. Dkt. 12-1. ¶18; *see also* Dkt. 12, p.10 ("Petitioner should at most be given what the text of the relevant regulations—here, 8 C.F.R. § 241.4(l)—requires.").

Under 8 C.F.R. § 241.4, a noncitizen who has previously been approved for supervised release may have such supervised release revoked if: "(i) the purposes of the release have been served; (ii) the [noncitizen] violates any condition of release; (iii) it is appropriate to enforce a removal order or to commence removal proceedings against [a noncitizen]; or (iv) the conduct of the [noncitizen], or any other circumstance, indicates that release would no longer be appropriate." 8 C.F.R. §§ 241.4(l)(2)(i)-(iv). "Upon revocation, the [noncitizen] will be notified of the reasons

3

for revocation of his or her release or parole." *Id*. § 241.4(l)(1). In addition, "[t]he [noncitizen] will be afforded an initial informal interview promptly after his or her return to...custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." *Id*.

Petitioner contends he was not provided with (1) notice that his OSUP was being revoked; (2) an initial informal interview; or (3) an opportunity to respond to the reasons for revocation. Dkt. 1, ¶¶44-48. Respondents do not refute Petitioner's contentions regarding ICE's failure to follow these procedures but instead argue that any deficiencies do not constitute a violation of Petitioner's substantive due process rights. They argue further that the appropriate remedy for a procedural due process violation would be, at most, additional process and not immediate release. Dkt. 12, pp.9-12.

The Court has reviewed those cases Respondents cite in support of their position, but respectfully is persuaded by the holdings of courts in this district that reach the opposite conclusion—ICE's failure to provide notice, an informal interview, and an opportunity to respond constitutes a violation of the Fifth Amendment Due Process Clause.[1] *Kumar v. Mullin*, No. 26-cv-1264-WJM, 2026 WL 1139601, at *4 (D. Colo. Apr. 24, 2026); *Virachak*, 2026 WL 746285, at *1; *Izquierdo Navarro v. Bondi*,

---

[1] In *Virachak*, 2026 WL 746285, at *4, Chief Magistrate Judge Scott T. Varholak, discusses and distinguishes each of the cases Respondents cite in their Response brief in this matter. The Court finds Judge Varholak's discussion thoughtful and persuasive and adopts his analysis—and rejection—of these cases.

4

No. 25-cv-04210-NYW, 2026 WL 468582, at *3 (D. Colo. Feb. 18, 2026); *Sanchez v. Bondi*, No. 1:25-cv-02287-CNS, 2025 WL 3484756, at *3 (D. Colo. Dec. 4, 2025). To be sure, "courts across the country routinely hold that (1) ICE violating its own regulations in detaining an individual is a due process violation, and (2) this violation makes the detention unlawful and the proper remedy is release." *Izquierdo Navarro*, 2026 WL 468582, at *3 (collecting cases); *see also Virachak*, 2026 WL 746285, at *1 (collecting cases); *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152 (D. Mass. 2025) ("[W]here an immigration regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute ... and [ICE] fails to adhere to it, the challenged [action] is invalid.").

Because there is no dispute that ICE failed to comply with the regulations governing the revocation of Petitioner's OSUP, the Court is persuaded that the Petition should be granted.

*    *    *

For the reasons shared above, Mr. Richard Medykowski's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **GRANTED** and the Court **ORDERS** as follows:

1. Respondents are **ORDERED** to immediately release Petitioner subject to the terms of his Order of Supervision; and

2. Respondents **SHALL FILE** a status report within **FIVE DAYS** of this Order certifying compliance;

3. The Court's previous Order (Dkt. 8) enjoining Respondents from removing Petitioner from Colorado or the United States is **VACATED** and replaced with the present Order;

4. Petitioner's Motion for Temporary Restraining Order is DENIED AS MOOT.

DATED: June 1, 2026.

BY THE COURT:

S. Kato Crews
United States District Judge